I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ PETITIONER
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4-23-08

DEPUTY CLERK

FILED

APR 23 2008

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ANTHONY LEON GREENHILL,<br><br>Petitioner,<br><br>v.<br><br>J.L. NORWOOD, et al.,<br><br>Respondent. | Case No. CV 08-2501-JFW (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |

Petitioner, a Federal prisoner, filed this petition for writ of habeas corpus on April 16, 2008. Petitioner is currently incarcerated in the United States Penitentiary in Victorville, California under a federal sentence imposed by the United States District Court for the Eastern District of California.

The petition is not a model of clarity. However, generally speaking, Petitioner contends that the Defendants have mishandled his legal mail in retaliation for his exercise of First Amendment rights, which has resulted in the late filing of pleadings and the denial of his access to the Courts. Petitioner is requesting that the Court order prison officials to log all outgoing and incoming mail in special logbooks and that an injunction be issued against retaliatory action by prison officials.

1     Having reviewed the petition, I conclude that Petitioner is not
2 entitled to habeas relief under the allegations pled and accordingly,
3 the petition must be DISMISSED. However, leave to amend shall be
4 granted in order to afford Petitioner an opportunity to present any
5 other viable claim for relief that he may have.

6     The writ of habeas corpus is limited to attacks upon the
7 legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890,
8 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475,
9 484-86 (1973)). " A civil rights action, in contrast, is the proper
10 method of challenging 'conditions of ... confinement.' " *Badea v.*
11 *Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*,
12 411 U.S. 475, 484, 498-99 (1973)); *see also Young v. Kenny*, 907 F.2d
13 974, 975 n. 1 (9th Cir. 1990). Greenhill's petition, which involves
14 allegations of interference with the right of access to the courts
15 and retaliation for the exercise of First Amendment rights, clearly
16 implicates the conditions of confinement. Accordingly, Greenhill is
17 not entitled to habeas relief even if his allegations are true.
18 Should he wish to proceed with a lawsuit relating to these claims,
19 he must seek injunctive relief or monetary damages pursuant to *Bivens*
20 *v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971)
21 and the First Amendment, rather than habeas relief under § 2241.

22     Pro se complaints are to be liberally construed. *Estelle v.*
23 *Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520
24 (1972). Therefore, when a pro se litigant labels a complaint seeking
25 relief from prison conditions as a habeas petition, a court should
26 treat it as a civil rights action. *Wilwording v. Swenson*, 404 U.S.
27 249, 251 (1971) (per curiam); *Hansen v. May*, 502 F.2d 728, 729-30 (9th
28 Cir. 1974); *Galligher v. McCarthy*, 470 F.2d 740, 741 (9th Cir. 1972).

Notwithstanding the court's readiness to treat this matter as a civil rights action, the complaint is deficient on its face. Greenhill's claims are bereft of factual detail and fail to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED as follows:

a. The petition is dismissed without prejudice for the reasons stated above.

b. Petitioner has until **May 19, 2008**, to file a first amended complaint that remedies the defects identified in this memorandum and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2.[1] Any amended complaint must bear the docket number assigned in this case and must be labeled first amended complaint." Petitioner is advised that an amended complaint is a document stating one or more causes of action against one or more defendants *and is complete in itself without reference to the original complaint or any other pleading, attachment or document, including letters to the district judge.* Local Rule 15-2. Pursuant to Fed.R.Civ.P. 8, Petitioner should make a short and plain statement of the facts underlying his claims and the nature of the relief he seeks.

c. In reviewing the court file, it appears that Petitioner has neither paid the $150.00 fee for filing a civil action nor complied with the requirements of 28 U.S.C. § 1915(b), in that he has not filed the documents required for proceeding without pre-payment of fees. Along with the first amended complaint, Petitioner must submit

---

[1] "Every amended pleading filed as a matter of right or allowed by order of Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." Local Rule 15-2.

the filing fee or an application to proceed without prepayment of costs supported by adequate documentation. The court shall then conduct the initial screening of the complaint as required by 28 U.S.C.§ 1915(e)(2) or § 1915A.

    d.    If Petitioner fails to timely file the amended complaint, or if the amended complaint fails to properly plead a cause of action against Defendants, the action will be subject to being dismissed with prejudice for failure to diligently prosecute or for failure to state a claim, or both.

    e.    The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If Petitioner chooses to continue prosecuting this action, Plaintiff must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments. He may, however, attach a single additional page to detail his allegations, if necessary.

    f.    Upon receipt of a legally sufficient complaint, the court will enter an order directing service upon the appropriately named defendants.

Dated: April 23, 2008

_____
Marc L. Goldman
United States Magistrate Judge